IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOAN MANCHO,** | * | |
| Plaintiff, | * | |
| | | Civil Action No. RDB-22-1889 |
| v. | * | |
| **SELECT PORTFOLIO SERVICING, INC.,** | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

*Pro se* Plaintiff Joan Mancho ("Plaintiff" or "Mancho") brings this action against Defendant Select Portfolio Servicing, Inc. ("Defendant" or "SPS") requesting verification of assignment of her debt. (ECF No. 7.) The Defendant answered Plaintiff's Complaint (ECF No. 4) and thereafter filed a Motion for Judgment on the Pleadings (ECF No. 5). Plaintiff failed to respond. No hearing is necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Defendant's Motion (ECF No. 5) shall be **GRANTED** as this Court finds that SPS may lawfully assert rights as assignee of the Promissory Note. Judgment is therefore entered in favor of Defendant.

**BACKGROUND**

Plaintiff filed a "Petition for a Verification of Debt" (the "Petition") in the Circuit Court for Howard County, Maryland, on June 28, 2022. (ECF No. 7.) The Petition is a five-paragraph request for information from Defendant Select Portfolio Servicing, Inc. concerning a Promissory Note that relates to Plaintiff's loan obligations. *Id.* Mancho's Petition requests the Defendant to provide the following as proof of claim: (1) the "Original Wet Ink Signature

Promissory Note"; (2) proof that SPS is the current "Note Holder in Due Course"; (3) an affidavit from SPS verifying its status as creditor to the "loan/security instrument." *Id.* The Petition conclusively asserts that if SPS cannot provide these three requests as proof of claim, "they have no standing in any future controversy." *Id.*

Defendant removed the case to this Court on August 1, 2022. (ECF No. 1.) The same day, SPS filed an Answer (ECF No. 4) and the instant Motion (ECF No. 5). Defendant's filings elucidate pertinent facts that are absent from Plaintiff's brief Complaint. Defendant's Answer attaches a copy of the original Promissory Note and identifies that U.S. Bank, NA, is "the current holder in due course of the Promissory Note and Deed of Trust pursuant to a valid Corporate Assignment of Deed of Trust dated April 19, 2019." (ECF No. 4.) SPS's Answer further details the assignments of interest, particularly noting that SPS is a sub-servicer and Attorney-in-Fact for the Deed of Trust which holds the Promissory Note. *Id.* at 2. Consequently, Defendant's Answer contests Plaintiff's assertion that it has "no standing in any future controversy" solely by declining to provide certain all of Plaintiff's requests for "proof of claim." *Id.*

SPS's instant Motion for Judgment on the Pleadings (ECF No. 5) argues that it may "assert all rights and remedies available to it under the terms of the loan" and therefore Plaintiff's Complaint is without merit. In support, Defendant reiterates the chain of assignments that it outlines in its Answer and references exhibits attached to that Answer. (ECF No. 5-1 at 1-2.) More specifically, SPS details that Plaintiff originally executed a Promissory Note and Deed of Trust relating to property in Jessup, Maryland, to Mortgage Electronic Registration Systems, Inc., as Nominee of People's Choice Home Loan, Inc. on

August 20, 2005. *Id.* at 1. The "Adjustable Rate Note" contains provisions relating to Plaintiff's loan. (ECF No. 4-1 at 2.) Those provisions indicate that Plaintiff "understand[s] that Lender may transfer [the Promissory Note]. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" *Id.* Mancho initialed each page of the four-page document and provided her signature at its conclusion. *Id.* Similarly, the Deed of Trust contains a provision entitled "Transfer of Rights in the Property" which explains that Mortgage Electronic Registration Systems, Inc. is the beneficiary of the security interest, as are its "successors and assignees." (ECF No. 4-3 at 5.) That provision clarifies that the security interest secures repayment of the loan. *Id.* Mancho also initialed each page of this fifteen-page document and signed her name on the last page. *Id.*

The Deed of Trust was subsequently assigned to "U.S. Bank, National Association, as Trustee, Successor in Interest to Bank of America, National Association as Trustee as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed-Certificates, Series 2006-PC1, its Successors and Assigns" on August 9, 2012. (ECF No. 5-1 at 1-2.) The Deed of Trust was again assigned on April 19, 2019, to "U.S. Bank, NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on Behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-PC1, Asset-Backed Certificates, Series 2006-PC1." *Id.* at 2. The Defendant explains that "JPMorgan Chase Bank, National Association ("Chase") is the master servicer for the Deed of Trust, and SPS acts as sub-servicer and Attorney-in-Fact on behalf of the Trust and Chase." *Id.* In brief, Defendant argues that securitization does not impact the enforceability of Plaintiff's loan. (ECF No. 5-1.)

Consequently, SPS contends that it may lawfully exercise the rights delineated in the Deed of Trust and Promissory Note as assignee of same. *Id.*

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed, as long as it is early enough not to delay trial. Fed. R. Civ. P. 12(c). The legal standard governing such a motion is the same as a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Booker v. Peterson Cos.*, 412 F. App'x 615, 616 (4th Cir. Feb. 25, 2011); *Economides v. Gay*, 155 F.Supp.2d 485, 488 (D. Md. 2001).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must,

however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

When ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L. Ed. 2d 179 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

5

## ANALYSIS

Plaintiff's Complaint contains mere labels and conclusions that are without merit. SPS appropriately highlights that "Plaintiff's allegations retread the now well-worn 'show me the note' and objections to securitization arguments that have been repeatedly rejected under Maryland law." (ECF No. 5-1 at 3.) As emphasized by Judge Titus of this Court, "there is no recognizable claim to demand in an action brought by a borrower that the lender produce 'wet ink' signature documents." *Harris v. Household Fin. Corp.*, No. CIV. RWT 14-606, 2014 WL 3571981, at *2 (D. Md. July 18, 2014); *see also Jones v. Bank of New York Mellon*, No. CIV.A. DKC 13-3005, 2014 WL 3778685, at *4 (D. Md. July 29, 2014) ("Under Maryland law, Defendant is not required to present the original 'wet-ink' Note to Plaintiffs in order to enforce the Note."). Thus, Plaintiff's request for Defendant to produce the "Original Wet Ink Signature Promissory Note" is not founded in law.

To the extent that Plaintiff argues the securitizations of her loan effectively absolve her obligations under the loan, such argument fails as a matter of law. As Judge Xinis of this Court has stated, "[i]t is well-established, in this Court and others, that '[a]s a matter of law, securitization alone does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back his or her loan.'" *Danso v. Ocwen Loan Servicing, LLC*, No. CV PX 16-1396, 2016 WL 4437653, at *3 (D. Md. Aug. 23, 2016) (citing cases); *see also Harris*, 2014 WL 3571981, at *2 ("it is clear that the securitization process does not make negotiable instruments and deeds of trust unenforceable"). Importantly, Plaintiff acknowledged by initial and signature on both the provisions of the Promissory Note and on the Deed of Trust that the Lender may lawfully assign its rights. (ECF Nos. 4-1 and 4-3.)

Further, Plaintiff's Petition lacks standing to assert that subsequent assignments of the Promissory Note are invalid. "In the consumer lending context, a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Danso*, 2016 WL 4437653, at \*4 (citing *Wolf v. Fed. Nat'l Mortgage Ass'n*, 512 F. App'x. 336, 342 (4th Cir. 2013)). Plaintiff was not a party to the assignment contracts, and she therefore cannot challenge their validity in this context. Ultimately, Plaintiff has failed to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings (ECF No. 5) is GRANTED, and Judgment is entered in favor of Defendant Select Portfolio Servicing, Inc. A separate Order follows.

Dated: December 6, 2022                             _____/s/_____
                                                                                  Richard D. Bennett
                                                                                  United States District Judge